GEOFFREY R. AKERS AND EILEEN G. AKERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Akers v. Commissioner
Docket Nos. 6217-80, 11627-80.[1]
United States Tax Court
T.C. Memo 1981-633; 1981 Tax Ct. Memo LEXIS 111; 42 T.C.M. (CCH) 1574; T.C.M. (RIA) 81633; October 27, 1981. Geoffrey R. Akers, pro se. David N. Brodsky, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) of the Internal Revenue Code[2] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[3] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined deficiencies in petitioners' Federal income taxes in the amounts of $ 4,552.54 and $ 6,469 for the taxable years *113 1976 and 1977, respectively, and an addition to tax in the amount of $ 227.63 for the taxable year 1976 pursuant to section 6653(a). The issues for decision are (1) whether petitioners are entitled to a deduction for charitable contributions for the taxable years at issue in excess of the amounts allowed by respondent; (2) whether the statute of limitations bars the assessment and collection of the deficiency for the taxable year 1976; and (3) whether petitioners are liable for the section 6653(a) addition to tax for the taxable year 1976. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. The petitioners are husband and wife who resided in Norwich, Connecticut, at the time they filed their petitions herein. Petitioners timely filed joint Federal income tax returns for the taxable years at issue with the Director, Internal Revenue Service Center, Andover, Massachusetts. On April 11, 1980, respondent mailed to petitioners the statutory notice of deficiency for the taxable year 1976. Petitioners claimed the following deductions for charitable contributions for the taxable years at issue: 1976
1977
Cash contributions supported by
written evidence
$ 111
$ 109
Other cash contributions: Christian Unification Church
10
0
First Church of Christ,
Scientist-Boston
4,920
5,200
First Church of Christ,
Scientist-Lynn
3,840
5,200
First Church of Christ,
Scientist-Hendon, England [4]
270
0
First Church of Christ,
Scientist-New London
2,670
4,000
First Church of Christ,
Scientist-Mystic
0
1,500
Boy Scouts, Girl Scouts
Salvation Army
90
60
Other than cash
181
60
Total
$ 12,092
$ 16,129
*114 Attached to petitioners Federal income tax returns for the taxable years at issue were itemized lists setting forth the weekly cash contributions purportedly made by petitioners to the various branches of the First Church of Christ, Scientist (hereinafter Church), and to the Boy Scouts, Girl Scouts and Salvation Army. These lists were not a contemporaneous record or diary of petitioners' alleged contributions, but were composed at the time petitioners prepared their income tax returns. No other documentary evidence, such as cancelled checks, receipts, or contemporaneously kept records, were produced at trial to support the claimed deductions. Petitioners' lists detailing the weekly contributions to various branches of the Church contained some entries which exceeded the total amount received by that branch of the Church during that week. For instance, petitioners' list indicates that on September 5, 1976, they contributed cash of $ 145 to the Lynn branch of the Church, but on September 5, 1976, the Lynn branch of the Church received total cash contributions of $ 93.60. None of the various *115 branches of the Church discouraged gifts by check, and all of the branches had simple procedures to furnish a receipt for donations. Respondent disallowed all of the claimed contributions except $ 170 for 1976 and $ 100 for 1977, for lack of substantiation. OPINION The main issue for decision is whether petitioners are entitled to deductions for charitable contributions in an amount greater than allowed by respondent. Section 170(a)(1) provides that "A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary." Section 1.170A-1(a)(2)(iii), Income Tax Regs., provides that the District Director may require statements from donee organizations to corroborate claimed contributions. The burden of proof on this issue rests with petitioners. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
In the instant case, petitioners claimed large amounts of cash contributions to various branches of the Church but could produce no credible evidence to substantiate these contributions. Petitioners claim they made the contributions anonymously, and that no verification *116 from the alleged donee is possible. Petitioners contend that the gifts were made anonymously because of their religious convictions as Christian Scientists. However, it is clear that such convictions are not traditional within the Church since representatives of the four major alleged donees testified that they have no policy of encouraging secret giving and receive substantial contributions by check. Petitioner attempted to prove that the contributions were made by various indirect methods. For instance, petitioner Geoffrey R. Akers (hereinafter petitioner) compiled a list of all income and expenses for each year which indicates that disposale income exceeded the claimed contributions. Accordingly, petitioner contends that since this evidence indicates the money was available to contribute we should find that the claimed contributions were made. We are unwilling to make such a finding based on this simplistic formula when other more reliable and trustworthy evidence exists indicating that petitioner did not make the contributions claimed. For instance, petitioner testified that the lists attached to their returns accurately reflected the weekly contributions made to the *117 Church. However, reliable Church records, which reflect weekly contributions, show that in some instances the total cash received by a branch for the week was less than the amount claimed by petitioners. Petitioner's contention, that there is sufficient evidence to show that the contributions were made since the total yearly contributions received exceeded the amount claimed by petitioners for the year, is without merit. Based on the record, petitioner's testimony and his so-called "lists" of contributions attached to petitioners' returns have no evidentiary value and must be rejected as substantiation for the claimed contributions. [4]
Petitioner also urges this Court to make some approximation under the Cohan rule ( Cohan v. Commissioner, 39 F.2d 540 (2nd Cir. 1930)) since virtually all of his contributions were disallowed. *118 Apparently, part of petitioner's rationale for this argument is that the amount allowed by respondent is far less than the charitable contributions claimed by the average taxpayer in petitioner's income bracket. We decline to make any approximation for no credible evidence was offered by petitioner, and the fact that other taxpayers in this income bracket may claim more is not at all relevant to petitioner's case. Petitioner improperly pleads the statute of limitations as a defense to assessment for 1976. The 1976 return was filed on or before April 15, 1977. For purposes of determining the limitations period on assessment and collection of income taxes, the return is deemed filed on April 15, 1977. Secs. 6072(a) and 6501(b)(1). The deficiency notice was mailed to petitioners on April 11, 1980, which is within the 3-year period prescribed. See sec. 6501(a). The final issue is whether petitioners are liable for the section 6653(a) addition to tax for 1976. Section 6653(a) imposes a five percent addition to tax if any part of any underpayment is due to negligence or an intentional disregard of rules and regulations. Petitioners have the burden of overcome the presumption *119 of correctness of respondent's determination. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners offered no credible evidence to refute respondent's determination on this issue, in fact, all of the evidence suggests the addition to tax was properly imposed. Petitioners claimed substantial deductions for contributions to charity, but failed to keep contemporaneous records or trustworthy documentary evidence to support the deduction. In view of these facts, respondent's determination on this issue is sustained. To reflect the foregoing, Decisions will be entered for the respondent. Footnotes
1. These cases were consolidated for purposes of trial, briefing, and opinion.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
3. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
4. Affiliate of First Church of Christ, Scientist organized in the United States.↩
4. See Akers v. Commissioner, an unpublished opinion (2d Cir. Dec. 26, 1979, 45 AFTR 2d 80-618, 80-1 USTC par. 9148) affg. T.C.Memo. 1979-217, and Akers v. Commissioner, T.C.Memo. 1980-411↩, which involved the same issues and the same petitioners for the years 1974 and 1975, respectively.